IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMILIA D. JONES, | } | |
| | } | |
| Plaintiff, | } | |
| | } | CIVIL ACTION NO. |
| v. | } | 2:14-CV-1640-WMA |
| | } | |
| ALLSTATE INSURANCE CO., | } | |
| | } | |
| Defendant. | } | |

**MEMORANDUM OPINION**

The court has for consideration a partial motion to dismiss[1] by defendant Allstate Insurance Co., asserting that plaintiff, Jamilia D. Jones, fails to state claims under the state tort law of outrage and under the Rehabilitation Act of 1973. (Doc. 11). Jones agrees to a dismissal of her state tort law claim but resists the motion to dismiss her claim under the Rehabilitation Act. (Doc. 17).

Pursuant to § 504 of the Rehabilitation Act, "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). To ensure that federal

---

[1] On a motion to dismiss, plaintiff's "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

funds are not used to support discrimination, "Congress intentionally gave broad scope to the term 'federal financial assistance' in section 504." *Arline v. Sch. Bd. of Nassau Cnty.*, 772 F.2d 759, 762 (11th Cir. 1985). When determining whether an entity receives federal financial assistance, the "pertinent inquiry . . . [is] whether Congress intended to compensate or provide a subsidy." *Shotz v. Am. Airlines, Inc.*, 420 F.3d 1332, 1336 (11th Cir. 2005).

To reinforce the broad applicability of the Rehabilitation Act, Congress in 1988 added a provision defining "program or activity" to include "an entire corporation, partnership, or other private organization . . . if assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole." 29 U.S.C. § 794(b)(3). The legislative history of this addition suggests that Congress sought "to overturn the Supreme Court's 1984 decision in *Grove City College v. Bell*, 465 U.S. 555" and "to restore the broad scope of coverage and to clarify the application of . . . the Rehabilitation Act of 1973." S. Rep. No. 100-64 at 21 (1988). In particular, Congress explained that it used the term "as a whole" to include "situations where the corporation receives general assistance that is not designated for a particular purpose" while excluding federal aid "limited in purpose" such as Job Training Partnership Act funds. S. Rep. No. 100-64 at 19-20 (1988).

In her complaint, Jones alleges that Allstate "receives federal financial assistance pursuant to § 504 through the National Flood Insurance Program." She generally cites *DeCosta v. Allstate Ins. Co.*, 730 F.3d 76 (1st Cir. 2013). (Doc. 1 at 5). While Jones does not allege or attach to her complaint extensive detail on the operation of the flood insurance program, her identification of the specific federal program and her reliance on *DeCosta* are sufficient to nudge her claim "across the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

First, Jones alleges that Allstate participates in a specific federal program, namely, the National Flood Insurance Program ("NFIP"). (Doc. 1 at 5). Under the NFIP, "the federal government provides subsidized flood insurance to fill a gap in the private insurance market." *DeCosta v. Allstate Ins. Co.*, 730 F.3d 76, 81 (1st Cir. 2013) (citing 42 U.S.C. § 4001). Given that the character of the NFIP and Allstate's alleged participation in it, Jones states a plausible claim under the Rehabilitation Act. See *Muckle v. UNCF*, 420 F. App'x 916, 918 (11th Cir. 2011) ("in order to state a claim under § 504 of the Rehabilitation Act, a private plaintiff must show, among other things, the specific program or activity conferring or withholding the benefit received or was directly benefitted by federal financial assistance").

Furthermore, contrary to Allstate's argument that the NFIP does not constitute federal financial assistance extended to the

3

Allstate "as a whole," the NFIP directly relates to **insurance**, the principal business in which Allstate is engaged. The NFIP was created as a "means of which flood insurance, over a period of time, can be made available on a nationwide basis through the cooperative efforts of the Federal Government and the private insurance industry." 42 U.S.C. § 4001. Given the "actuarial risks involved in underwriting flood insurance . . . the Act was designed to secure the involvement of the private insurance industry by providing equalization payments and other forms of subsidies to compensate insurers for charging reasonable premiums." *Beverly v. Macy*, 702 F.2d 931, 933 (11th Cir. 1983). Unlike funding provided under a discrete federal job training program, the NFIP provides private insurers generous financial assistance and subsidy arrangements relating to certain insurance products. 61 C.F.R. 51217-51226 (1996). Therefore, the NFIP falls within the broad definitional provision of "program or activity" under the Rehabilitation Act. 29 U.S.C § 794(b). Further, by alleging that Allstate receives federal financial assistance "as a whole", Jones need not show in her complaint that she worked on the specific flood insurance program at Allstate.

## CONCLUSION

For the reasons detailed above, the court will by separate order deny Allstate's partial motion to dismiss the claim brought under the Rehabilitation Act but will dismiss Jones' outrage claim.

DONE this 13th day of February, 2015.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE