FILED
2016 Aug-12  PM 01:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMILIA D. JONES,          }
                           }
        Plaintiff,         }
                           }
v.                         }     CIVIL ACTION NO.
                           }     2:14-CV-1640-WMA
ALLSTATE INSURANCE CO.,    }
                           }
        Defendant.         }
                           }

**<u>MEMORANDUM OPINION</u>**

This case is the first opportunity for this Court to consider multiple "but-for" employment discrimination claims in light of the Eleventh Circuit's recent opinion in *Savage v. Secure First Credit Union*, No. 15-12704, 2016 WL 2997171 (11th Cir. May 25, 2016). In *Savage*, the Eleventh Circuit broadly read Federal Rule of Civil Procedure 8(d) to allow alternative and contradictory theories of liability to avoid deciding the "but-for" issue on a motion to dismiss during the pleading stage of litigation.[1] *Id.* at *1. Yet unlike *Savage*, the above-entitled

---

[1] The Eleventh Circuit's curt per curiam opinion did not explain how such a broad reading of Rule 8 squares with the heightened pleading requirements for a prima facie case outlined in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Instead, the Eleventh Circuit reads Rule 8(d) in such a way as to lower the talisman of Rule 8(a) to the bygone era of notice pleading and liberal discovery. Cf. *Conley v. Gibson*, 355 U.S. 41, 47 (1957) abrogated by *Twombly*, 550 U.S. at 562-63.

1

action is well beyond the pleading stage, the parties have concluded discovery fully, and now before the Court is defendant's a motion for summary judgment.   Specifically, defendant Allstate Insurance Co. requests summary judgment on all of the claims by plaintiff Jamilia D. Jones, namely Count I alleging violations of the American with Disabilities Act ("ADA"), Count II alleging violation of the Family and Medical Leave Act ("FMLA"), Count III alleging sexual harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), and Count IV alleging retaliation in violation of Title VII. (Doc. 33).

While the focus of a Rule 12(b)(6) motion to dismiss is failure to state a plausible claim for relief, summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a). The court must "examine the evidence in the light most favorable to the non-moving party," drawing all inferences in favor of such party. *Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1365 (11th Cir. 2000).   "[A] 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to **determine whether there is a genuine issue for trial**.'" *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam) (quoting *Anderson v Liberty*

*Lobby, Inc.*, 477 U.S. 242, 249 (1986))(emphasis added).  Among those determinations of the trial judge, in its gatekeeper function at summary judgment, is the allowance of multiple "but-for" claims to be submitted to a jury.

While alternative pleading under Rule 8 may be enough to permit multiple "but-for" claims on a motion to dismiss, "[a] party may **not**, however, recover separately on inconsistent theories when one theory precludes the other or is mutually exclusive of the other." *Brookhaven Landscape & Grading Co. v. J. F. Barton Contracting Co.*, 676 F.2d 516, 523 (11th Cir. 1982), adhered to, 681 F.2d 734 (11th Cir. 1982) (emphasis added).  "The pleading will not amount to an election unless a choice is made with the **full and clear understanding of the problem, facts and remedies essential to the exercise of an intelligent choice.**" *Allstate Ins. Co. v. James*, 779 F.2d 1536, 1541 (11th Cir. 1986) (citing *Guy James Constr. Co. v. Trinity Industries, Inc.*, 644 F.2d 525 (5th Cir. May 8, 1981) (emphasis added); see generally, C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1482 (1969 & Supp. 1985).  In this case the parties have concluded discovery fully and briefed defendant's motion for summary judgment wherein it is now evident that Jones has a full and clear understanding of the problem, facts, and remedies essential to the exercise of an

intelligent choice necessary to make an informed election of remedies for the "but-for" cause of her injury. See *Guy James Const. Co. v. Trinity Indus., Inc.*, 644 F.2d 525, 530 (5th Cir.), modified, 650 F.2d 93 (5th Cir. 1981). Therefore, summary judgment stands as a bulwark against multiple "but-for" claims beyond even the broadest reading of Rule 8 alternative pleading.

For the reasons stated below, defendant's motion will be granted as to all counts.

## I.   ADA Discrimination

In Count I, Jones alleges that Allstate discriminated against her in violation of the ADA. "To establish a prima facie case of ADA discrimination, [plaintiff] ha[s] to show (1) a disability, (2) that she was otherwise qualified to perform the job, and (3) that she was discriminated against based upon the disability." *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193 (11th Cir. 2004). While Allstate concedes Jones' PTSD is a disability, it argues that there is no genuine issue of material fact that Jones was not a qualified individual and that Jones suffered no adverse employment action because of her disability.

### A. Qualified Individual

"[A]n ADA plaintiff must show either that [s]he can perform

4

the essential functions of h[er] job without accommodation, or
. . . that [s]he can perform the essential functions of h[er]
job with a reasonable accommodation." *Holly v. Clairson Indus.,
L.L.C.*, 492 F.3d 1247, 1256 (11th Cir. 2007).  While "the ADA
does not require the employer to eliminate an essential function
of the plaintiff's job . . . the ADA may require an employer to
restructure a particular job by altering or eliminating some of
its marginal functions." *Id.* at 1256.

Jones worked as a claims specialist for Allstate where an
essential function of her job duties included answering customer
phone calls. (Doc. 33-1 at 11).  While Jones argues that with a
reasonable accommodation of more "breaks" she is a qualified
individual (Doc. 38 at 36-37), Jones admits that Allstate
already allowed her 5 to 10 minute breaks (Doc. 31-1 at 31) and
that she could not recall being denied a break when she asked
(Doc. 33-1 at 31).  Further, after Jones returned from FMLA
leave in April 2012 (Doc. 33-1 at 10), she reported for work
only four days in May, zero days in June, and one full day in
July. (Doc. 33-4 at 43).  Jones argument for further breaks as
a reasonable accommodation cannot make her a qualified
individual since it would in essence require Allstate to
eliminate an essential function of her job.  See *Williams v.
Revco Disc. Drug Centers, Inc.*, 552 F. App'x 919, 922 (11th Cir.

5

2014)("an employer is not required to accommodate an employee in any manner in which that employee desires . . . [n]or does the ADA require an employer to eliminate an essential function of an employee's job or reallocate job duties to change the essential functions of a job"). Jones herself admits that attendance was required in order to perform her job at Allstate. (Doc. 33-1 at 32). Therefore, because Jones is not a "qualified individual", Allstate is entitled to summary judgment on Count I.

## B.   ADA discrimination and "but-for" causation

Despite Jones' claim in Count I of discrimination on the basis of a disability, she also claims Allstate took various adverse employment actions against her based on FMLA retaliation, sexual harassment in violation of Title VII, and retaliation in violation of Title VII. (Doc. 24 at 4-16). Therefore, summary judgment is appropriate because in light of these other causes "a disability cannot be the 'but-for' cause of [her] termination." *Thomas v. Kamtek, Inc.*, 143 F. Supp. 3d 1179, 1186 (N.D. Ala. 2015).

Jones own testimony illustrates the importance of a trial court erecting "but-for" causation as a bulwark against multiple "but-for" claims. *Univ. of Texas Sw. Med. Ctr. v. Nassar*, --- U.S. ----, 133 S.Ct. 2517, 186 L.Ed.2d 503 (2013) and *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 129 S.Ct. 2343, 174 L.Ed.2d

119 (2009).  Jones cannot show her disability was the "but-for"
cause of any adverse employment action by Allstate. (Doc. 33-1
at 30).  Specifically, Jones claims an adverse change in her job
duties (Doc. 24 at 8), yet there is no evidence that her
disability was the "but-for" cause of this employment action
having no reason to believe it was related to her complaint of
sexual harassment, her FMLA claim, or her PTSD. (Doc. 33-1 at
39-40).  Jones claims she was adversely denied breaks during the
day (Doc. 24 at 4-8), yet there is no evidence that her
disability was the "but-for" cause of this employment action
being unable to recall one instance when she was not permitted
to take a break (Doc. 33-1 at 31).  Finally, Jones claims she
was constructively discharged (Doc. 24 at 7-8), yet there is no
evidence that her disability was the "but-for" cause of this
employment action having been granted her requested transfer
(Doc. 33-1 at 9-10), given significant FMLA leave (Doc. 33-1 at
10), received numerous breaks during the day (Doc. 33-1 at 31),
and voluntarily resigning with two weeks written notice (Doc.
33-1 at 6, 30); see *Siudock v. Volusia Cty. Sch. Bd.*, 568 F.
App'x 659, 664 (11th Cir. 2014) ("[a] constructive discharge
claim is not a jury question unless a plaintiff presents
substantial evidence that employment conditions were intolerable
. . . we do not consider a plaintiff's subjective feelings about

his employer's actions, but whether a reasonable person in the plaintiff's position would be compelled to resign"). Therefore, summary judgment on Count I is appropriate because even in the light most favorable to Jones, she cannot show her disability was the "but-for" cause of any of her alleged adverse employment actions.

## II. FMLA Retaliation

"[T]he FMLA creates two types of claims: interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act, see 29 U.S.C. § 2615(a)(1), and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in activity protected by the Act, see 29 U.S.C. § 2615(a)(1) & (2); 29 C.F.R. § 825.220(c)." *Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1206 (11th Cir. 2001) (emphasis added). In Count II, Jones does not allege Allstate interfered with her FMLA rights, but instead alleges that Allstate retaliated against her for taking FMLA leave time. (Doc. 24 at 8-9; Doc. 33-1 at 31). To establish a prima facie case of FMLA retaliation, a plaintiff must show that "(1) she engaged in a statutorily protected activity; (2) she suffered an adverse employment decision; and (3) the decision was

casually related to a protected activity." *Pereda v. Brookdale Senior Living Communities, Inc.*, 666 F.3d 1269, 1275 (11th Cir. 2012).

## A. FMLA Retaliation Requires "But-for" Causation

Unlike FMLA interference, "a plaintiff bringing a retaliation claim faces the increased burden of showing that his employer's actions were motivated by an impermissible retaliatory or discriminatory animus." *Strickland*, 239 F.3d at 1207. Because this increased burden to show an employer's intent also requires a heightened level of causation, the Eleventh Circuit has analyzed FMLA retaliation congruently with Title VII retaliation borrowing applicable case law. See e.g., *Brungart v. BellSouth Telecommunications, Inc.*, 231 F.3d 791, 798 (11th Cir. 2000) ("When evaluating a claim of retaliation under the FMLA . . . we apply the burden-shifting framework . . . for evaluating Title VII retaliatory discharge claims").

While *Nassar* directly addressed "but-for" causation for Title VII retaliation, the Eleventh Circuit has only occasioned once to address the "but-for" issue for FMLA retaliation, wherein it declined to address the issue. See *Coleman v. Redmond Park Hosp., LLC*, 589 F. App'x 436, 438-39 (11th Cir. 2014) ("we decline to address Redmond's argument

that we should require Coleman to prove that her FMLA leave was the "but-for" cause of its decision not to rehire her, given the posture of the case and the fact that the argument was not raised below").  Unlike *Coleman*, this case requires adjudication of the "but-for" issue on Jones' FMLA retaliation claim as contained in Count II.  This court applies the *Gross* and *Nassar* "but-for" requirement to FMLA retaliation in light of its text, structure, and history.  See *Nassar*, 133 S. Ct. at 2534 ("[t]he text, structure, and history of Title VII demonstrate that a plaintiff making a retaliation claim under § 2000e-3(a) must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer.").

### i.   Statutory text

The Supreme Court's "insistence on but-for causality has not been restricted to statutes using the term "because of" but rather extended to a panoply of commonplace synonyms. *Burrage v. United States*, 134 S. Ct. 881, 889 (2014).  The statutory text for FMLA retaliation states that "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a)(1)(2) (emphasis added).  While the FMLA does not use the precise

phrase "because of," its use of the word "for" is within the range of phrases whose ordinary meaning indicates a "but-for" causal relationship. See Oxford English Dictionary 411 (1933) ("Because of, on account of"); American Heritage Dictionary (1976) ("*conj.* Because; Since"); and Webster's Ninth New Collegiate Dictionary 481 (1986) ("for *conj.* (12c) : for the reason that : on this ground: BECAUSE").  Consistent with this common usage of "for," the Eleventh Circuit interprets FMLA retaliation to require an employee to "assert[] that his employer discriminated against him because he engaged in an activity protected by the Act." *Pereda v. Brookdale Senior Living Communities, Inc.*, 666 F.3d 1269, 1272 (11th Cir. 2012) (emphasis added).

### ii.  Structure

"Just as Congress' choice of words is presumed to be deliberate, so too are its structural choices." *Nassar*, 133 S. Ct. at 2529 (quoting *Gross,* 557 U.S. at 177, n.5).  In 1991 when Congress amended Title VII, it displaced the framework of *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989), and wrote the motivating factor provision in subsection § 2000e-2 at the exclusion of all other Title VII claims, namely retaliation. *Nassar*, 133 S. Ct. at 2529.  In 1993, when Congress adopted

11

the FMLA, it modeled FMLA retaliation after Title VII
retaliation:

> Section 105(a)(2) makes it also unlawful for an employer
> to discharge or in any other manner discriminate against
> any individual for opposing any practice made unlawful by
> this title. This "opposition" clause is derived from
> title VII of the Civil Rights Act of 1964 (42 U.S.C.
> 2000e-3(a)) and is intended to be construed in the same
> manner. Under section 105(a) of this Act, as under title
> VII of the Civil Rights Act, an employee is protected
> against employer retaliation for opposing any practice
> that he or she reasonably believes to be a violation.

S. Rep. No. 103-3, 103rd Cong., 1st Sess. (1993) at 34,
*reprinted* in 1993 U.S.C.C.A.N. 2 at 36; H.R. Rep. No.
103-8(I), 103rd Cong., 1st Sess. (1993).  This interpretation
also squares with the statute's sex discrimination purpose
similar to Title VII.

**iii.      History**

Consistent with the FMLA's text and structure, the
Eleventh Circuit has construed Title VII and FMLA retaliation
provisions together. See *Hyde v. K.B. Home, Inc.*, 355 F. App'x
266, 272-73 (11th Cir. 2009).  In fact, just last year the
Eleventh Circuit summarily rejected an FMLA retaliation claim
"[f]or the same reasons as her Title VII retaliation claim."
*Green v. MOBIS Alabama, LLC*, 613 F. App'x 788, 795 (11th Cir.
2015). Similarly, a parallel construction has been given by
other circuits. See e.g., *Adams v. Anne Arundel Cty. Pub.*

12

*Sch.*, 789 F.3d 422, 429 (4th Cir. 2015) ("Retaliation claims brought under the FMLA are analogous to those brought under Title VII."). Given this longstanding parallel construction, the "but-for" principle in *Nassar* for Title VII ought to similarly be applied to the FMLA. *Sparks v. Sunshine Mills, Inc.*, 2013 WL 4760964, at *17, n.4 (N.D. Ala. Sept. 4, 2013) ("Thus, the Supreme Court's determination that the "but for" causation standard applies where an employee alleges discrimination because he engaged in some protected activity also applies in the FMLA context").

### iv.  Administrative law wrinkle

In *Nassar*, despite language in the EEOC Compliance Manual stating that causation for retaliation was satisfied where "there is credible direct evidence that retaliation was a motive for the challenged action," the Supreme Court found the statutory language clear and of settled judicial construction and further found the EEOC's reasoning "circular," "unpersuasive," and not entitled to any agency deference. *Nassar*, 133 S. Ct. at 2533 (citing *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944)).  Similar to the EEOC in *Nassar*, the Department of Labor, the agency tasked with administering the FMLA, has advocated a mixed-motive framework for FMLA claims. See *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d

13

294, 302 (3d Cir. 2012) (noting that the Department of Labor took the position that *Gross* does not preclude FMLA mixed-motive claims in an amicus brief). However, unlike the EEOC's argument in *Nassar*, the Department of Labor's argument is grounded in the language of one of the agency's regulations, 29 C.F.R. § 825.220(c) (2013).  The regulation provides:

> The Act's prohibition against interference prohibits an employer from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise FMLA rights. For example, if an employee on leave without pay would otherwise be entitled to full benefits (other than health benefits), the same benefits would be required to be provided to an employee on unpaid FMLA leave. By the same token, employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions; nor can FMLA leave be counted under no fault attendance policies.

29 C.F.R. § 825.220(c) (emphasis added).  The Department of Labor argues that this regulation "prohibits retaliation for the exercise of one's FMLA rights, and does so even when the exercise of those FMLA rights is only a motivating factor in the retaliation [and that] [t]his regulation is entitled to controlling deference under *Chevron U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837 (1984)." Brief for the Secretaryy of Labor as Amicus Curiae in Support of Plaintiff-Appellant, Document #1299263, *Breeden v. Novartis*

14

*Pharm. Corp.*, 646 F.3d 43 (D.C. Cir. 2011) (Nos. 10-7073; 10-7078).  As an agency regulation, the Sixth Circuit already has given controlling deference to this language under *Chevron*. *Bryant v. Dollar Gen. Corp.*, 538 F.3d 394, 399 (6th Cir. 2008); see *Hunter v. Valley View Local Sch.*, 579 F.3d 688, 691-92 (6th Cir. 2009) (relying on the "a negative factor" language in 29 C.F.R. § 825.220(c) to conclude that the FMLA allows a mixed-motive claim); cf. *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 390 (5th Cir. 2013) (leaving unanswered whether *Nassar* applies to FMLA-retaliation claims and acknowledging the added wrinkle of the Department of Labor's regulation in 29 C.F.R. § 825.220(c)).

Yet deference under *Chevron* "is rooted in a background presumption of congressional intent: namely, that Congress, when it left ambiguity in a statute administered by an agency, understood that the ambiguity would be resolved, first and foremost, by the agency, and desired the agency (rather than the courts) to possess whatever degree of discretion the ambiguity allows." *City of Arlington, Tex. v. F.C.C.*, 133 S. Ct. 1863, 1868 (2013) (quotes omitted).  Therefore, *Chevron* only applies "if the statute is silent or ambiguous with respect to the specific issue, [and next] the question for the court is whether the agency's answer is based on a permissible

construction of the statute." *Chevron,* 467 U.S. at 843.  The
FMLA clearly uses the word "for" in § 2615(a)(1)(2) leaving no
room for the Department of Labor to interpret the causation
required for a retaliation claim.  Furthermore, statutory
construction and determining levels of causation are
decisively judicial functions appropriate for evaluation by
courts rather than committed to the agency expertise of the
Department of Labor.  Therefore, the Department of Labor's
interpretation is not entitled to controlling deference under
*Chevron.*

Furthermore, the Department of Labor's interpretation is
not even entitled to persuasive authority under *Skidmore.*
Similar to the clear text, structure, and history of Title VII
in *Nassar*, the text, structure, and history of the FMLA
provide a strong basis for rejecting insertion of a mixed-
motive framework. Additionally, persuasive "[d]eference is
undoubtedly inappropriate . . . when the agency's
interpretation is plainly erroneous or inconsistent with the
regulation." *Christopher v. SmithKline Beecham Corp.*, 132 S.
Ct. 2156, 2166 (2012).  Here, the Department of Labor's
interpretation applying a motivating factor framework
contradicts its own official comment accompanying its
regulation, where the agency acknowledged that the FMLA and

16

Title VII are to be construed "in the same manner." The Family and Medical Leave Act of 1993, 60 FR 2180-01 (Jan. 6, 1995) ("This opposition clause is derived from Title VII of the Civil Rights Act of 1964 and is intended, according to the legislative history, to be construed in the same manner. Thus, FMLA provides the same sorts of protections to workers who oppose, protest, or attempt to correct alleged violations of the FMLA as are provided to workers under Title VII."). Therefore, the Department of Labor's interpretation lacks any persuasive force and is not entitled to any deference. See *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 212, 109 S. Ct. 468, 473-74, 102 L. Ed. 2d 493 (1988) ("Deference to what appears to be nothing more than an agency's convenient litigating position would be entirely inappropriate").

### B. Jones' FMLA retaliation claim and "but-for" causation

Despite Jones' claim in Count II of FMLA retaliation, she also claims Allstate took various adverse employment actions against her based on her disability, sexual harassment in violation of Title VII, and retaliation in violation of Title VII. (Doc. 24 at 4-16).  Therefore, summary judgment is appropriate because in light of these other causes FMLA retaliation cannot be the "but-for" cause of her termination.

See *Kamtek*, 143 F. Supp. at 1186; see also *Nassar*, 133 S.Ct. 2517 and *Gross,* 557 U.S. 167.

Jones cannot show her disability was the "but-for" cause of any adverse employment action by Allstate. (Doc. 33-1 at 31-32).  Specifically, Jones claims an adverse change in job duties when placed on inbound calls only (Doc. 24 at 9), yet there is no genuine issue of material fact that FMLA retaliation was not the "but-for" cause of this employment action having no reason to believe it was related to her complaint of sexual harassment, her FMLA claim, or her PTSD. (Doc. 33-1 at 39-40).  Jones claims she was adversely denied breaks during the day (Doc. 24 at 4-8), yet there is no evidence that FMLA retaliation was the "but-for" cause of this employment action being unable to recall one instance when she was not permitted to take a break (Doc. 33-1 at 31).  Finally, Jones claims she was constructively discharged (Doc. 24 at 7-8), yet there is evidence that FMLA retaliation the "but-for" cause of this employment action having been granted her requested transfer (Doc. 33-1 at 9-10), given significant FMLA leave (Doc. 33-1 at 10), numerous breaks during the day (Doc. 33-1 at 31), and voluntarily resigning with two weeks written notice (Doc. 33-1 at 6, 30); see *Siudock*, 568 F. App'x at 664. Therefore, summary judgment is appropriate on Count II because

even in the light most favorable to Jones, she cannot show FMLA retaliation was the "but-for" cause of any of her alleged adverse employment actions.

## III.     Sexual Harassment

"To prove a hostile work environment, the plaintiff must show (1) that he or she belongs to a protected group; (2) that the employee has been subject to unwelcome sexual harassment, such as sexual advances, requests for sexual favors, and other conduct of a sexual nature; (3) that the harassment must have been based on the sex of the employee; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable." *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 808 (11th Cir. 2010).

### A.   Time Barred

In order to litigate a claim for sexual harassment under Title VII, "[i]n a non-deferral state, such as Alabama, a plaintiff must file an employment discrimination charge with the EEOC within 180 days after the date of the alleged discrimination." *Rizo v. Alabama Dep't of Human Res.*, 228 F. App'x 832, 835 (11th Cir. 2007) (citing 29 C.F.R. § 1626.7(a) and *Hipp v. Liberty National Life Ins. Co.*, 252 F.3d 1208,

1241 n. 2, 1220 (11th Cir. 2001).  "Failure to file a timely charge with the EEOC results in a bar of the claims contained in the untimely charge . . . [and] [t]he plaintiff has the burden of establishing that he filed a timely charge of discrimination." *Jordan v. City of Montgomery*, 283 F. App'x 766, 767 (11th Cir. 2008) (citation omitted).

In Count III of Jones' amended complaint, she alleges a violation of Title VII by Allstate under a theory of supervisory liability for sexual harassment by her supervisor Jermaine Johnson. (Doc. 26 at 10-15).  The basis for holding the employer liable "differs depending on whether the harassment was perpetrated by a co-worker or a supervisor . . . [and courts are required to] analyze the alleged incidents of co-worker harassment separately from the alleged incident involving a supervisor." *Terrell v. Paulding Cty.*, 539 F. App'x 929, 932 (11th Cir. 2013).  It is undisputed that the alleged incidents Johnson committed towards Jones while her supervisor occurred in 2011 (Doc. 33-1 at 18; Doc. 33-2 at 29), more than 180 days before Jones filed her EEOC charge (Doc. 33-4 at 24; Doc. 38 at 23).  Therefore, her claims under a theory of supervisory liability in Count III are time barred.  29 C.F.R. § 1626.7(a).

## B.   No liability under either supervisory and co-worker theories

While Jones argues that Johnson's alleged conduct continued even after no longer being her supervisor when he would "come by and stare at her" (Doc. 38 at 24), Allstate is not liable under either supervisory or co-worker theories of employer liability under Title VII.

### i.   Supervisory liability

"To establish th[e] [*Faragher/Ellerth*] defense, the employer must prove by a preponderance of the evidence that (a) it exercised reasonable care to prevent and correct promptly any sexually harassing behavior and (b) the plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Arnold v. Tuskegee Univ.*, 212 F. App'x 803, 809 (11th Cir. 2006); see *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).  "An employer may demonstrate reasonable care to prevent sexual harassment by showing the development of 'an effective and comprehensive anti-sexual harassment policy,' which is 'thoroughly disseminated," and to which the employer 'demonstrate[s] a commitment to adhering.'" *Arnold*, 212 F. App'x at 809 (quoting *Farley v. American Cast Iron Pipe Co.*,

21

115 F.3d 1548, 1554 (11th Cir.1997)).  "Although an employer need not act instantaneously, it must act in a reasonably prompt manner to respond to the employee's complaint." *Id.* at 809.

Here, Jones knew Allstate had a policy prohibiting sexual harassment, knew that Allstate had a human resources department, and knew that after she eventually reported Johnson's behavior that Allstate discharged Johnson. (Doc. 33-1 at 24).  Jones alleges Johnson's conduct occurred as early as 2011 when he was her supervisor, yet Jones did not report the alleged conduct to Allstate until April 23, 2012. (Doc. 33-1 at 13).  Allstate investigated the allegations and took immediate and corrective action terminating Johnson on May 8, 2012. (Doc. 33-1 at 13; Doc. 33-3 at 24-25).  Therefore, Allstate took reasonable care to prevent and correct the harassment and Jones unreasonably delayed taking advantage of Allstate's remedial mechanisms. See *Madray v. Publix Supermarkets, Inc.*, 208 F.3d 1290 (11th Cir. 2000).

### ii. Co-worker liability

When "the alleged harassment is committed by co-workers . . . a Title VII plaintiff must show that the employer either knew (actual notice) or should have known (constructive notice) of the harassment and failed to take immediate and

22

appropriate corrective action." *Watson v. Blue Circle, Inc.*, 324 F.3d 1252, 1259 (11th Cir. 2003) (citing *Breda v. Wolf Camera & Video*, 222 F.3d 886, 889 (11th Cir. 2000)).

In this case, as discussed above, as soon as Allstate had actual notice of Johnson's alleged conduct, it promptly investigated and subsequently terminated Johnson. See *supra* part III, section B, subsection ii. Further, Jones argument is unpersuasive that Allstate had constructive notice given two prior investigations of Johnson for conduct towards other employees. (Doc. 38 at 24-35). While these two prior investigations concluded that the claims against Johnson were unsubstantiated (Doc. 33-6; Doc 33-7), Allstate still gave Johnson a formal coaching session after the first investigation (Doc. 33-6 at 4) and Allstate warned Johnson that he would be terminated if Allstate received another complaint about him after this second investigation . (Doc. 33-4 at 6). Accordingly, when Allstate received Jones' complaint, Johnson was terminated.

Therefore, whether under a supervisory or co-worker theory of liability, Allstate is entitled to judgment as a matter of law as to Count III..

**IV. Title VII Retaliation**

23

"To establish a prima facie case of retaliation under Title VII, "the plaintiff must show (1) that she engaged in statutorily protected expression; (2) that she suffered an adverse employment action; and (3) that there is some causal relation between the two events." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007).

Despite Jones' claim in Count IV of retaliation, she also claims Allstate took various adverse employment actions against her based on her disability in violation of the ADA, through FMLA retaliation, and sexual harassment in violation of Title VII. (Doc. 24 at 4-16).  Therefore, summary judgment is appropriate because in light of these other causes "retaliation cannot be the "but-for" cause of [her] termination." *Kamtek*, 143 F. Supp. 3d at 1187.  Jones own deposition again illustrates the importance of a trial court erecting "but-for" causation as a bulwark against multiple "but-for" claims.  *Nassar*, 133 S.Ct. 2517 and *Gross*, 557 U.S. 167.  Although Jones' human resources complaint and initial EEOC charge constitute protected activity, she cannot show that these actions were the "but-for" cause of any adverse employment action by Allstate. (Doc. 33-1 at 25). Specifically, Jones claims an adverse change in job duties (Doc. 24 at 8), yet there is no evidence to support this was

24

the "but-for" cause of this employment action wherein Jones
herself admits having no reason to believe it was related to
her complaint of sexual harassment, her FMLA claim, or her
PTSD. (Doc. 33-1 at 39-40). Jones claims she was adversely
denied breaks during the day (Doc. 24 at 4-8), yet there is no
evidence to support that retaliation was the "but-for" cause
of this employment action wherein Jones herself is unable to
recall one instance when she was not permitted to take a break
(Doc. 33-1 at 31).  Finally, Jones claims she was
constructively discharged (Doc. 24 at 7-8), yet there is no
evidence to support that retaliation was the "but-for" cause
of this employment action wherein Allstate granted Jones'
transfer request (Doc. 33-1 at 9-10), granted her significant
FMLA leave (Doc. 33-1 at 10), and gave her numerous breaks
during the day (Doc. 33-1 at 31).  Further, Jones voluntarily
resigning with two weeks written notice (Doc. 33-1 at 6, 30);
see *Siudock*, 568 F. App'x at 664.  Therefore, summary judgment
on Count IV is appropriate because even in the light most
favorable to Jones, she cannot show retaliation was the "but-
for" cause of any of her alleged adverse employment actions.

**CONCLUSION**

For the reasons stated above, the court will by separate order grant Allstate's motion for summary judgment (Doc. 33).


**DONE** this 12th day of August, 2016.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE